IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRENDAN EDWARD MARUSAK**, <br><br> Petitioner, <br><br> v. <br><br> **JANET DOWLING**,[1] <br><br> Respondent. | Case No. 19-CV-304-RAW-KEW |

**OPINION AND ORDER**

This action is before the Court on Brendan Edward Marusak's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Dkt. 1). Marusak, appearing *pro se*,[2] is a state inmate in the custody

---

[1] According to the offender website maintained by the Oklahoma Department of Corrections (okoffender.doc.ok.gov), Marusak is currently incarcerated at the Dick Conner Correctional Center (DCCC) in Hominy, Oklahoma. The Court therefore substitutes the DCCC's warden, Janet Dowling, in place of Carl Bear as party respondent. Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note this substitution on the record.

[2] Because Marusak appears *pro se*, his petition is entitled to liberal construction. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

of the Oklahoma Department of Corrections presently incarcerated at the Dick Conner Correctional Center in Hominy, Oklahoma.  Marusak brings this action to challenge the validity of his custody under the criminal judgment entered against him in the District Court of Carter County, Case No. CF-2013-487.  In that case, Marusak, represented by counsel, entered a blind guilty plea, and the trial court convicted him of first-degree burglary (count one), kidnapping of a child (count two), three counts of lewd or indecent acts to a child under 16 (counts three, four, and six), first degree rape (victim under 14) (count five), and unlawful possession of a controlled dangerous substance (methamphetamine) (count seven).  Dkt. 14-1 at 1.[3]

Marusak seeks federal habeas relief on four grounds:

I.   Marusak's plea is invalid because there is no adequate factual basis as to counts one through five.  (Dkt. 1 at 5);

II.  Marusak's blind plea was not knowing and voluntary.  (Dkt. 1 at 7);

III. Marusak was denied his right to the effective assistance of counsel during the plea hearing and denied conflict-free counsel during the plea withdrawal hearing.  (Dkt. 1 at 10); and

IV.  The trial court lacked jurisdiction to adjudicate Marusak's untimely motion to withdraw the plea.  (Dkt. 12 at 2-4).

Respondent concedes, and the Court finds, that Marusak timely filed the instant habeas petition.  Dkt. 14 at 3; *see* 28 U.S.C. § 2244(d)(1) (imposing one-year statute of limitations). Respondent further concedes that Marusak exhausted available state remedies as to claims one,

---

[3] Unless otherwise noted, the Court's citations refer to the CM/ECF pagination.

two, and three, as required by 28 U.S.C. § 2254(b)(1)(A), but argues claim four is unexhausted.[4] *Id*. Finally, Respondent contends that Marusak procedurally defaulted claim one, that 28 U.S.C. § 2254(d) bars relief as to claims two and three, and that claim four should be denied, notwithstanding Marusak's failure to exhaust that claim, because it fails to state a cognizable federal claim. *Id.* at 3, 7, 10, 29, 50. The following records have been submitted to the Court for consideration in this matter:

    A. Marusak's Judgment and Sentence. (Dkt. 14-1).

    B. Plea of guilty/summary of facts. (Dkt. 14-2).

    C. Marusak's application to withdraw plea. (Dkt. 14-3).

    D. Marusak's amended application to withdraw plea. (Dkt. 14-4).

    E. The trial court's order denying application to withdraw plea. (Dkt. 14-5).

    F. The Oklahoma Court of Criminal Appeals' (OCCA) Order granting an out-of-time *certiorari* appeal. (Dkt. 14-6).

    G. Marusak's petition for writ of *certiorari*. (Dkt. 14-7).

    H. Marusak's *certiorari* appeal brief. (Dkt. 14-8).

    I. The OCCA's Summary Opinion denying Marusak's *certiorari* appeal. (Dkt. 14-9).

    J. Marusak's application for post-conviction relief. (Dkt. 14-10).

    K. The trial court's order denying Marusak's application for post-conviction relief. (Dkt. 14-11).

    L. Marusak's petition in error on postconviction appeal. (Dkt. 14-12).

---

[4] Section 2254(b)(1)(A) requires a petitioner to exhaust available state remedies before presenting a federal claim in a habeas petition, and the petitioner bears the burden of showing he has exhausted available state remedies. *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

      M. The OCCA's Order affirming the denial of Marusak's application for post-conviction relief. (Dkt. 14-13).

      N. State-court transcripts and Original Record. (Dkt. 15).

## I.    PROCEDURAL BACKGROUND

The State initially filed criminal charges against Marusak in September 2013. Dkt. 14-8 at 7-8. On October 17, 2013, the trial court ordered that Marusak undergo a mental health examination to determine his competency to stand trial. Dkt. 15-5 at 17-18. Following a hearing, the trial court committed Marusak to the care and custody of the Department of Mental Health and Substance Abuse Services (Department) for treatment and rehabilitation. *Id*. at 31-32. In an Amended Information filed October 31, 2013, the State charged Marusak with:

    Count 1: Burglary in the first degree
    Count 2: Lewd or indecent acts to a child under 16
    Count 3: Lewd or indecent acts to a child under 16
    Count 4: Kidnapping of a child
    Count 5: Rape – First Degree (victim under age of 14)
    Count 6: Lewd or indecent acts to a child under 16
    Count 7: Unlawful possession of controlled dangerous substance

Dkt. 14-14 at 1-2.

On June 3, 2014, Marusak's attorney, Jessica Underwood,[5] and the state stipulated to the Department's finding that Marusak was competent after treatment, and the trial court found Marusak competent to stand trial. Dkt. 15-5 at 34.[6]

---

[5] Underwood represented Marusak at trial (Dkt. 15-2 at 1), his plea hearing (Dkt. 15-3 at 1), and his plea withdrawal hearing (Dkt. 15-6 at 1).

[6] The Department's mental health report, described in a minute order (Dkt. 15-5 at 34), is not a part of the record before the Court.

Marusak waived his right to a jury trial, and his case proceeded to a bench trial on April 16, 2015. Dkt. 15-2 at 8; *see also* Dkt. 15-5 at 45-46. During his bench trial and after the state rested its case, Marusak consulted with his attorney and moved the trial court to change his pleas. Dkt. 15-2 at 161; Dkt. 15-3 at 2. The trial court examined Marusak, under oath, and Marusak testified he understood the proceeding. Dkt. 15-3 at 2-5. After a lengthy examination, the trial court accepted Marusak's guilty pleas as to counts one, four, and seven, and accepted Marusak's no contest pleas as to counts two, three, five, and six.[7] *Id*. at 5-16. On May 27, 2015, the trial court sentenced Marusak to 20 years' incarceration (count one), 25 years' incarceration (count two), 25 years' incarceration (count three), 10 years' incarceration (count four), life (count five), 40 years' incarceration (count six), and 10 years' incarceration (count seven). Dkt. 14-1 at 1.

On June 8, 2015, Marusak moved to withdraw his plea, generally arguing that his plea was neither knowing nor voluntary and specifically arguing that "an interruption in his prescription regimen rendered him unable to knowingly and voluntarily act." Dkt. 14-3 at 1. Marusak filed an amended application to withdraw his plea on June 23, 2015, asserting these same arguments. Dkt. 14-4 at 1. On July 8, 2015, the trial court held an evidentiary hearing on Marusak's motion to withdraw his plea, and Marusak testified at the hearing. Dkt. 15-6 at 2. The trial court found that Marusak moved to withdraw his plea based on his dissatisfaction with sentencing, rather than his alleged incompetency at the time of the plea hearing or his allegation that his pleas was not knowing and voluntary, and denied the motion. Dkt. 15-6 at 21.

---

[7] Under Oklahoma law, a no contest plea "has the same legal effect as a guilty plea except that it may not be used against the defendant as an admission in any civil suit based on the act upon which the criminal prosecution is based." *Morgan v. State*, 744 P.2d 1280, 1281 (Okla. Crim. App. 1987). As a result, a no contest plea admits the facts pleaded in the charging document. *Lozoya v. State*, 932 P.2d 22, 30 (Okla. Crim. App. 1996) (stating that a guilty plea "admits the facts pleaded in the information"); *see also United States v. Cartwright*, 678 F.3d 907, 916 (10th Cir. 2012) (discussing Oklahoma law regarding guilty and no contest pleas).

Represented by appellate counsel, Sarah MacNiven, Marusak filed an out-of-time *certiorari* appeal in the OCCA, raising three issues: (1) that his plea was not knowing, intelligent, and voluntary because there was no adequate factual basis for the pleas he entered as to counts one through five, (2) that his plea was not knowing, intelligent, and voluntary because he was confused about the plea process and was not taking certain prescribed medications, and (3) that he was not afforded effective assistance of counsel during the plea hearing, based on several instances of deficient performance, and not afforded conflict-free counsel for the plea withdrawal hearing. Dkt. 14-7 at 2; Dkt. 14-8 at 1-2, 23-27; Dkt. 14-9 at 2. The OCCA denied the petition for writ of *certiorari* on June 7, 2018.[8] Dkt. 14-9 at 1. Marusak filed the instant habeas petition (Dkt. 1) on September 10, 2019.

## II.   DISCUSSION

### A.   Claim one

In his first claim for relief, Marusak argues that his pleas were not knowing and voluntary because there was an insufficient factual basis to support the charges in counts one through five. Dkt. 1 at 5; Dkt. 14-8 at 6-22. Respondent contends, and the record supports, that Marusak raised this claim for the first time in his *certiorari* appeal to the OCCA. Dkt. 14 at 1; Dkt. 14-7 at 2; Dkt. 14-9 at 3. Relying on Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, Tit. 22, Ch. 18 (2018), the OCCA found that Marusak waived this claim by failing to present it to the trial court in his motion to withdraw the plea or in his amended motion to withdraw the plea. Dkt. 14-9 at 3.

---

[8] Marusak filed an application for post-conviction relief in March 2019, the trial court denied the application, and the OCCA affirmed the denial of postconviction relief. Dkts. 14-10, 14-11, 14-13. The claims Marusak presented to the OCCA through his postconviction appeal are not asserted in this habeas proceeding.

Respondent argues that because the OCCA applied a procedural bar to deny relief as to claim one, that claim is procedurally defaulted for purposes of federal habeas review. Dkt. 14 at 7-10. The Court agrees. Under the procedural-default doctrine, "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate an independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009)). Rule 4.2(B) provides: "No matter may be raised in the petition for a writ of *certiorari* unless the same has been raised in the application to withdraw the plea, which must accompany the records filed with [the OCCA]." Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, Tit. 22, Ch. 18, App. (2018). This Court finds that Rule 4.2(B) is both grounded in state law and regularly followed. *Kunis v. Allbaugh*, No. CIV-18-130-R, 2019 WL 449209, at *3 (W.D. Okla. Feb. 5, 2019) (unpublished)[9]; *see also Lewallen v. Martin*, No. 14-CV-756-GKF-FHM, 2018 WL 1384105, at *13 (N.D. Okla. Mar. 19, 2018) (unpublished) (considering Oklahoma case law and concluding that Oklahoma's Rule 4.2(B) "is adequate to bar habeas review" because the "OCCA applies the rule evenhandedly to similar claims in the majority of cases"). As a result, claim one is procedurally defaulted.

To overcome the procedural default, Marusak must show either (1) cause for the default and resulting prejudice or (2) that a fundamental miscarriage of justice will occur if this Court does

---

[9] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

not review claim one. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause for a procedural default exists where 'something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule.'" *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (quoting *Coleman*, 501 U.S. at 753). "If cause is established, the petitioner must then show that he suffered actual prejudice as a result of the alleged violation of federal law." *Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997).

"Alternatively, a federal court may proceed to the merits of a procedurally defaulted claim, if the petitioner establishes that a failure to consider the claim would result in a fundamental miscarriage of justice." *Id.* "[T]he fundamental miscarriage of justice exception seeks to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To invoke this exception, the petitioner "must make a colorable showing of factual innocence." *Marshall v. Jones*, 639 F. Supp. 2d 1240, 1256 (N.D. Okla. 2009).[10]

Marusak contends he can establish cause because Underwood performed deficiently and prejudicially by failing to raise claim one in either the motion or amended motion to withdraw his plea. Dkt. 18 at 2-3. In some cases, a petitioner can rely on "counsel's ineffectiveness in failing properly to preserve [a] claim for review in state court" to establish the requisite cause to overcome a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). But counsel "must have

---

[10] "To make a credible showing of actual innocence, a petitioner must support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Frost v. Pryor*, 749 F.3d 1212, 1231-32 (10th Cir. 2014) (internal citations and quotations omitted). The new evidence "must be sufficient to show that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence." *Id*. (internal citations and quotations omitted). This standard is "demanding and permits review only in the extraordinary case." *Id*. (internal citations and quotations omitted).

been so ineffective as to violate the Federal Constitution." *Id.* In other words, the petitioner must establish that counsel performed deficiently and prejudicially, in violation of the Sixth Amendment, before the petitioner can rely on ineffective assistance of counsel to excuse a procedural default of a different constitutional claim. In this case, even if the Court assumes without deciding, for purposes of resolving claim one, that Marusak can establish a Sixth Amendment violation based on Underwood's alleged ineffectiveness in failing to preserve claim one, the Court finds Marusak cannot show actual prejudice or a miscarriage of justice, as his change of pleas were entered after the state presented its case-in-chief, including testimony from the victims' parents about Marusak abducting one of their children, H.H., and statements from Marusak to police that he had raped H.H. after abducting her. Dkt. 15-2 at 12-13, 149-50. Finally, Marusak has not shown or put forth an argument of actual innocence, and even if he did, his guilty pleas undermine any argument of actual innocence. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (unpublished) ("While [the petitioner] claims that his guilty plea was involuntary and coerced, the state courts rejected that argument, and his plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty."). Because Marusak cannot overcome the procedural default, the Court denies relief as to claim one.

    **B.**    **Claim two**

In his second claim for relief, Marusak contends his pleas were not knowing and voluntary because he did not understand the plea process and "was not taking all of his prescribed medication at the time of the pleas." Dkt. 18 at 4; Dkt. 1 at 7.[11]  Marusak presented this claim to the trial

---

[11] Marusak also appears to reassert, in support of claim two, that some pleas were not supported by an adequate factual basis. Dkt. 18 at 4-5. As just discussed, Marusak procedurally defaulted his claim that there was an insufficient factual basis to support his pleas. The Court thus addresses in claim two only the arguments that his lack of proper medication and lack of understanding rendered his pleas unknowing and involuntary.

court, when he moved to withdraw his plea, and to the OCCA through his *certiorari* appeal.  The OCCA rejected it.  Dkt. 14-9 at 3-5.  The OCCA stated,

> [Marusak] has not met his burden of showing that he is entitled to withdraw his plea.  Contrary to his argument, the record does not show "he had no clue what he was doing when he entered his pleas."  While his claim that he was not taking all of his medications at the time of the plea is concerning, the record of the plea hearing and the withdrawal hearing indicates he was taking all prescribed medications and that those medications improved his ability to understand the proceedings.  Further, [Marusak] indicated on the record that he understood the plea proceedings, and that he was pleading guilty and *nolo contendre* [sic] knowingly and with a full understanding of the consequences of those pleas.  Any confusion regarding the counts he claimed he could not remember was cleared up by the court and the decision to plead *nolo*.
>
> [Marusak's] answer that he "probably" would not be seeking to withdraw his pleas if he had been given probation is telling and indicates he hoped that by withdrawing his plea he could get a lighter sentence, one involving probation.  Disappointment with the sentence imposed does not afford grounds for withdrawal of a plea of guilty.  *Loyoza v. State*, 1996 OK CR 55, ¶ 44, 932 P.2d 22, 34.  Having thoroughly reviewed [Marusak's] claims and the record before us, we find his pleas were knowing and voluntary and the trial court did not abuse its discretion in denying the motion to withdraw.

*Id*. at 4-5.

Because the OCCA rejected claim two on the merits, this Court cannot grant relief unless Marusak first shows that the OCCA's adjudication of claim two:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  When, as here, § 2254(d) applies, the first task for the federal habeas court is to identify the clearly established federal law as of the time of the state court's decision.  *House v. Hatch*, 527 F.3d 1010, 1015-18 (10th Cir. 2008).

10

Under clearly established federal law, a guilty plea comports with due process if it is knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969); *see also Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (noting that a plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant" (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970))). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." *Fields v. Gibson*, 277 F.3d 1203, 1212 (10th Cir. 2002).

Significantly, in determining whether a plea is knowing and voluntary, courts may consider answers a defendant has provided on written forms relevant to the plea. *Hoffman v. Young*, 23 F. App'x 885, 887 (10th Cir. 2001) (unpublished). And, while not conclusive on the question of whether a defendant's plea comports with due process, a defendant's in-court statements made under oath during the plea hearing as to the knowing and voluntary nature of his pleas are also accorded a strong presumption of reliability. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (noting that "representations of the defendant . . . at [a plea] hearing as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings").

Respondent argues § 2254(d) bars relief as to claim two because the OCCA reasonably applied clearly established federal law and reasonably determined the facts when it concluded that Marusak's plea was knowing, intelligent, and voluntary. Dkt. 14 at 10-29. Respondent specifically cites to: Marusak's plea hearing–where the trial court asked extensive questions about Marusak's competency and understanding of the proceeding, Marusak's sentencing–where similar competency questions were asked, and Marusak's plea withdrawal hearing–where Marusak stated

11

he "probably" would not be seeking to withdraw his pleas if he had received a lighter sentence. *Id*. at 11-27.

This Court has reviewed the transcripts of all relevant hearings and, as Respondent argues, the record amply supports the objective reasonableness of the OCCA's decision.  First, Marusak's statements in the plea worksheet, completed with the assistance of counsel, indicate that he was then taking medications to improve his understanding of the plea proceedings, that he understood the nature and consequences of the plea proceeding and the range of potential punishments, and that he had consulted with his attorney before deciding to change his plea and waive his trial rights. Dkt. 14-2 at 1-6; *Hoffman*, 23 F. App'x at 887.  Second, the record shows that on April 16, 2015, the trial court placed Marusak under oath and thoroughly examined Marusak, before accepting his plea, to determine whether Marusak was competent to enter the plea, whether he understood the nature and consequences of his decision to plead guilty or no contest to the crimes charged rather than continue with his bench trial, and whether he made the decision to change his pleas of his own free will.  Dkt. 15-3 at 2-17.  Marusak's statements in response to the trial court's inquiries, made under oath and in open court, are afforded a strong presumption of reliability and support the trial court's and the OCCA's decisions that Marusak's plea was knowing, intelligent, and voluntary. *Blackledge*, 431 U.S. at 73-74.  Third, Marusak's testimony from his plea withdrawal hearing undermines his claims of involuntarily and unknowingly entering his plea.  During the plea withdrawal hearing, Underwood advised the trial court that Marusak had not been taking his anti-anxiety medication, Buspirone, or his mood elevator, Lithium at the time of the plea hearing. Dkt. 15-6 at 3.  Nevertheless, as just discussed, Marusak's statements at the plea hearing support that he understood the proceedings.  Further, Marusak's testimony at the plea withdrawal hearing reveals that his primary concern in moving to withdraw the plea was that he did not receive a fair

sentence. Dkt. 15-6 at 7-9. As the OCCA reasoned, Marusak's own testimony from the plea withdrawal hearing shows that his primary complaint is with sentencing, not the alleged invalidity of his plea. Because the record supports the OCCA's findings of fact and because the OCCA's decision is not contrary to or based on an unreasonable application of clearly established federal law, the Court denies relief as to claim two.

      **C.**      **Claim three**

In his third claim for relief, Marusak argues he was denied his Sixth Amendment right to the effective assistance of counsel during the plea process and during the plea withdrawal hearing. Dkt. 1 at 10; Dkt. 18 at 6. Marusak presented this claim to the OCCA through his *certiorari* appeal. In his *certiorari* appeal brief, Marusak alleged Underwood was ineffective at trial and during the plea process for (1) advising him to enter pleas when there was no sufficient factual basis as to some charges, (2) "not making it absolutely clear to [Marusak] exactly what would happen if he entered pleas to the charges," and (3) failing to file a motion to suppress his incriminating statements to Officer Turner. Dkt. 14-8 at 28-32. He alleged Underwood was ineffective at the plea withdrawal hearing for (1) not challenging her own ineffectiveness, and (2) not requesting that Marusak be provided conflict-free counsel to argue Underwood's ineffectiveness. *Id.* at 33-35.

It appears the OCCA understood this claim as two separate ineffective assistance claims: one alleging plea counsel's ineffectiveness and one alleging withdrawal counsel's ineffectiveness (even though Underwood served in both capacities). Dkt. 14-9 at 5. The OCCA found that Marusak did not raise an ineffective-assistance-of-plea-counsel claim in his motion to withdraw the plea and, relying on state procedural rules, determined Marusak thus waived that claim. *Id.* at 5. The OCCA rejected the second claim, as to withdrawal counsel, on the merits, stating,

> [Marusak] asserts that withdrawal counsel was ineffective for failing to challenge her own ineffectiveness and failing to request conflict-free counsel.
>
> . . .
>
> To prevail on an ineffective assistance of counsel claim based on a conflict of interest, a defendant who raised no objection at trial or a hearing on a motion to withdraw a guilty plea need not show prejudice, but "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."
>
> . . .
>
> [Marusak's] claim that counsel was ineffective because she did not raise her own ineffectiveness or request conflict counsel is not sufficient to demonstrate an actual conflict. Merely because counsel's request to withdraw the plea is inconsistent with the earlier request for the court to accept the guilty pleas does not show a conflict of interest. Lawyers argue inconsistent positions all the time. [Marusak] has not shown any reason for counsel to have requested the appointment of conflict-free counsel.
>
> On appeal, [Marusak] acknowledges that counsel did argue at the withdrawal hearing that his plea was not knowing and voluntary and that an interruption in his prescription regimen affected his ability to enter his plea knowingly and voluntarily, but that she did not adequately address the issues raised in Proposition III that show he did not understand what he was doing when he entered his plea.
>
> The success of [withdrawal] counsel's challenge to the voluntariness of [Marusak's] plea was limited by the fact she faced a judge who distinctly remembered the plea proceedings and who conducted a very thorough plea with special emphasis on [Marusak's] mental health, competence and his claimed lack of memory. Counsel's performance at the withdrawal hearing is reviewed under the *Strickland* standard.
>
> . . .
>
> [Marusak] has not shown that there is a reasonable probability that had counsel raised a claim of her own ineffectiveness that the outcome of the proceedings would have been different. [Marusak's] inability to establish the necessary prejudice is fatal to his claim and this claim is denied.

Dkt. 14-9 at 5-7.

Respondent argues § 2254(d) bars relief because the OCCA's denial of this claim is not based on an unreasonable application of clearly established federal law or an unreasonable determination of the facts presented in state court. Dkt. 14 at 30-50.

14

As a preliminary matter, Respondent appears to construe the OCCA's decision as effectively addressing Marusak's claim that plea counsel was ineffective when, after noting that claim was waived, the OCCA nonetheless concluded that plea withdrawal counsel did not perform deficiently or prejudicially by failing to argue plea counsel's ineffectiveness. Dkt. 14, 32-48. The Court agrees this is a fair reading of the OCCA's decision and will thus apply § 2254(d) to review the OCCA's decision as to the alleged ineffectiveness of plea counsel and withdrawal counsel.

As previously stated, when § 2254(d) applies, this Court cannot grant relief unless Marusak first shows that the OCCA's adjudication of claim three:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). And the first task for the federal habeas court is to identify the clearly established federal law as of the time of the state court's decision. *House v. Hatch*, 527 F.3d 1010, 1015-18 (10th Cir. 2008).

### 1. Plea counsel

As he did on *certiorari* appeal, Marusak alleges, for several reasons, that plea counsel failed to provide constitutionally adequate representation during trial and the plea process. Under clearly established federal law, a defendant alleging he or she was denied the right to effective assistance of counsel, based on general allegations of ineffectiveness, has the burden of showing (1) that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). A reviewing court's "scrutiny of counsel's performance must be highly deferential," and the "court

must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In the context of a plea, the Supreme Court holds, "[when] a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.'" *Hill*, 474 U.S. at 56–57 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

In *Hill*, the Court also explained how the *Strickland* standard applied to claims of ineffective assistance of plea counsel:

> In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson, supra*, and *McMann v. Richardson, supra*. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58–59 (footnote omitted).

When a federal habeas court reviews a state court's decision on a *Strickland/Hill* claim, the habeas court must grant the state court "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The only question for the habeas court is whether the state court had a reasonable basis for rejecting the claim. *Id.* And "[t]he *Strickland* standard is a general one, so the range of reasonable applications is substantial." *Id.* at 105.

16

Marusak's claim of ineffective assistance of plea counsel fails because he has not shown that plea counsel's advice was outside the range of competence set forth in *McMann* and *Tollett*. As previously discussed, the OCCA's determination that Marusak's pleas were knowingly and voluntarily entered was not contrary to, or based on an unreasonable application of, Supreme Court precedent nor was its decision based on an unreasonable determination of facts in light of the evidence in the state court record. While Marusak claims plea counsel failed to provide "deliberation or competent advice" about pleading (Dkt. 1 at 10), this claim is refuted by the trial court's plea examination (Dkt. 15-3 at 2-17), the plea paperwork (Dkt. 14-2), and the withdrawal hearing transcript (Dkt. 15-6 at 7-9). The record shows that Marusak was fully and accurately informed of the consequences of his pleas and the range of punishment. Moreover, the record does not show prejudice, i.e., a reasonable probability that had plea counsel requested more time to or adequately advised Marusak of his rights, Marusak would not have changed his plea and, instead, would have insisted on continuing with his bench trial. Thus, the OCCA's decision that Marusak failed to establish prejudice resulting from plea counsel's allegedly deficient performance is not based on an unreasonable application of *Strickland/Hill* or an unreasonable determination of the facts presented in state court.

    **2.     Withdrawal counsel**

Marusak contends, as he did in state court, that Underwood operated under a conflict of interest at the plea withdrawal hearing. Under clearly established federal law announced in *Cuyler v. Sullivan*, 446 U.S. 335 (1980),

> prejudice is presumed when counsel is burdened by an actual conflict of interest. In those circumstances, counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties. Moreover, it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests. Given the obligation of counsel to avoid conflicts of interest and the ability of trial courts to make early inquiry in certain situations likely to give rise to conflicts, see, e.g., Fed. Rule Crim.

17

> Proc. 44(c), it is reasonable for the criminal justice system to maintain a fairly rigid rule of presumed prejudice for conflicts of interest. Even so, the rule is not quite the per se rule of prejudice that exists for the Sixth Amendment claims mentioned above. Prejudice is presumed only if the defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, *supra*, 446 U.S., at 350, 348, 100 S. Ct., at 1719, 1718 (footnote omitted).

*Strickland*, 466 U.S. at 692.

The OCCA applied this law, and did so reasonably, when it rejected Marusak's conflict-of-interest claim on the ground that he failed to show Underwood actively represented conflicting interests by failing to argue her own ineffectiveness or that the alleged conflict adversely affected Underwood's performance at the plea withdrawal hearing. Dkt. 14-9 at 6; *see Cuyler*, 446 U.S. at 350. As the OCCA reasoned, "[m]erely because counsel's request to withdraw the plea is inconsistent with the earlier request for the court to accept the guilty pleas does not show a conflict of interest," Marusak acknowledged that withdrawal counsel made valid arguments to support his request to withdraw the plea, and the fact that the trial court rejected those arguments was not based on any conflict that adversely affected Underwood's performance but, rather, on the trial court's recollection of the bench trial and plea hearing and Marusak's own testimony at the plea withdrawal hearing. Dkt. 14-9 at 5-7.

### 3. Conclusion as to claim three

Because Marusak has not shown that the OCCA's decision is objectively unreasonable under the facts of this case, § 2254(d) bars relief. The Court therefore denies relief as to claim three.

### D. Claim four

In his fourth and final claim, Marusak argues the trial court was without jurisdiction to hear his motion to withdraw the plea, because that motion was untimely. Dkt. 12 at 2. He contends that Oklahoma law requires a motion to withdraw a plea be filed within ten days of the judgment

18

and sentence, and his plea counsel's failure to file the motion to withdraw within ten days deprived the trial court of jurisdiction. *Id*. Respondent argues this claim is unexhausted, because Marusak did not raise this claim in either his petition for writ of *certiorari* or in his post-conviction application. Dkt. 14 at 50. Respondent also argues this claim is "purely a matter of state law and not cognizable for habeas review." *Id*. at 51. The Court agrees with Respondent that claim four does not allege a violation of the Constitution or other federal law and thus does not state a cognizable habeas claim. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Court thus finds it unnecessary to consider Respondent's exhaustion argument and denies relief as to claim four.

### III.   CONCLUSION

Based on the foregoing analysis, the Court concludes that claim one is procedurally barred, claims two and three are barred by § 2254(d), and claim four fails to state a cognizable habeas claim. For these reasons, the Court denies the petition as to all claims asserted therein.

### IV.   CERTIFICATE OF APPEALABILITY

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court rejects a petitioner's constitutional claims on the merits, the petitioner must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Marusak has not made this showing as to any of his claims, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the substitution of Janet Dowling in place of Carl Bear as party Respondent.

2. The Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED.

3. A certificate of appealability is DENIED.

4. A separate judgment shall be entered in this matter.

DATED this 30th day of September 2022.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma